IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 13-CR-73-JED |
| vs. | ) |
| | ) |
| HAROLD EDWARD STAPLES III, | ) |
| CHRISTOPHER DEAN STAPLES, | ) |
| BUEL DEAN HAMILTON, | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court is the Unopposed Motion to Declare This Case a Complex Matter, filed by all of the defendants. (Doc. 33) ("Motion"). In the Motion, defendants seek a continuance of the jury trial currently set for June 17, 2013, to the October, 2013 trial docket, and they request that all delays from the continuance be excluded under 18 U.S.C. § 3161(h)(7) of the Speedy Trial Act. The defendants also seek extensions of pretrial deadlines. The plaintiff (the government) does not oppose the Motion. The Court conducted a hearing on the Motion on May 17, 2013, and all counsel for the government and the defendants presented arguments.

The Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) permits a district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." In granting an ends of

justice continuance, a court must orally or in writing set forth "its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.* In determining such a motion for continuance, the court shall consider a number of factors, including "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). The district court may also consider whether "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]." 18 U.S.C. § 3161(h)(7)(B)(ii).

An ends of justice continuance should not be granted "cavalierly," and it was intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007) (citations omitted); *see also United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009). Pursuant to *Toombs*, the parties must provide the district court a sufficient record to determine why the facts require additional time. *See* 574 F.3d at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting the continuance. *See id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial. *Id.* at 1273.

The Court has reviewed the defendants' unopposed Motion and has considered the additional facts provided to the Court at the May 17, 2013 hearing and finds that the continuance requested in the Motion should be granted.  While defendants characterize their Motion as one seeking a determination that this is a complex matter under 18 U.S.C. § 3161(h)(7)(B)(ii), the nature of the relief they seek is a continuance of the trial to allow defendants' counsel reasonable time for effective preparation for trial, which also implicates 18 U.S.C. § 3161(h)(7)(B)(iv).  *At this time*, the Court declines to find that the case is complex.  The Indictment was filed on April 8, 2013, charging the three defendants with a total of 13 counts of drug conspiracy, distribution, firearms possession, and maintaining a place relating to drugs.  The Indictment also contains a forfeiture provision.  It is estimated that 5,500 pages of discovery will be produced.  The number of defendants and counts and types of charges are not "so unusual or complex . . . that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act]."  18 U.S.C. § 3161(h)(7)(B)(ii).  It also does not appear at this time that there are any "novel questions of fact or law" which would render this action unusual or complex under § 3161(h)(7)(B)(ii).

However, the Court finds that, under the circumstances presented, the continuance sought by the defendants *is* warranted under 18 U.S.C. § 3161(h)(7)(B)(iv), to allow "counsel for the defendant[s] . . . the reasonable time necessary for effective preparation."  A continuance under that section is necessary, as a result of the following circumstances, which were presented by the parties at the May 17, 2013 hearing:

3

- Only approximately 50% of the discovery to be produced has been produced by the government to defendants to date;

- The government has been investigating and collecting information regarding alleged activities of the defendants since 2010, apparently unbeknownst to the defendants, whereas each of the defendants was first appointed counsel on April 25, 2013;

- Evidence collected by the government, which may be produced in discovery, includes evidence obtained during execution of search warrants over the course of two years, the latest of which were warrants served on multiple locations on April 25, 2013, and the reports regarding the April 25 warrants and returns have not yet been provided to the government (and thus information from those reports has not been produced to defendants);

- Discovery to be produced also includes grand jury transcripts, law enforcement reports completed over two years' time, transcriptions of recorded calls, including approximately 21,000 intercepted calls (of which the government asserts that approximately 1600 are relevant), and records of the Internal Revenue Service relating to multiple individuals and entities, which records are still being gathered;[1] and

---

[1] The IRS has represented to the government that discovery from it will be delivered to the government within ten (10) days, or by Monday, May 27, 2013.

- While some information has been produced in discovery to the defendants, the government itself is awaiting receipt of other evidence (as described above), and it will accordingly take additional time to produce all discovery to the defendants.

Given the ongoing collection of evidence by the government and thus the amount of discovery that remains to be provided to the defendants, it is clear to the Court that a continuance of the June 17, 2013 trial is required in order to allow counsel for the defendants "the reasonable time necessary for effective preparation."  *See* 18 U.S.C. § 3161(h)(7)(B)(iv).  The defendants have not yet received all discovery to be produced, the discovery includes several thousand pages including transcriptions of intercepted phone calls, and it will take significant time to review all of the discovery once it is produced.[2]

The Court also finds the requested continuance is reasonable in order for counsel for both the defendants and the government to be ready for trial.  The Court finds that the ends of justice will be served by the granting of the limited continuance and that those ends of justice outweigh the best interests of the public and the defendants in a speedy trial.  While the public has a strong interest in a speedy trial of all criminal cases, this interest must be balanced against the defendants' interests in adequate time to prepare for trial.  In addition, justice for the public and defendants is best served by adequately prepared counsel on behalf of the defendants as well as the government.

---

[2]  The parties represented that they have been working on an agreed protective order which will govern some, but not all, of the discovery at issue.  The issues with respect to that protective order appear to have been mostly completed, with only one defendant having not yet agreed to its terms.  Once the parties have agreed to the protective order, some of the discovery will be produced by the government.

**IT IS THEREFORE ORDERED** that the Unopposed Motion (Doc. 33) is **granted in part and denied in part**. The Court declines at this time to declare the case complex, and that part of the Motion is denied, but the defendants' request for a continuance of the trial date and pretrial deadlines is granted as set forth herein. The jury trial set for June 17, 2013 is **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| Motions Due: | July 19, 2013 |
| Responses Due: | August 16, 2013 |
| **Initial Pretrial Conference/CP/Motions Hearing:** | **September 11, 2013 at 9:30 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | September 30, 2013 |
| **Final Pretrial Conference:** | **October 7, 2013 at 9:30 a.m.** |
| **Jury Trial:** | **October 21, 2013 at 9:30 a.m.** |

**IT IS FURTHER ORDERED** that the time between June 17, 2013 and October 21, 2013 is excluded pursuant to 18 U.S.C. § 3161(h)(7).

**IT IS SO ORDERED** this 20th day of May, 2013.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE